# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NOS.: 3:95CR25-V; 3:04CR191-V

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BRIAN KEITH BURROUGH, | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on its own motion. A status conference is currently scheduled in the above captioned matters for Monday, June 11, 2007, at 10:00 a.m. in the Charlotte Division. Given the protracted procedural history, the undersigned attempts for efficiency's sake to explain within this Order the purpose of the June 11, 2007 hearing.

### I. Criminal Docket No.: 3:95CR25 ("Burrough I")

On February 15, 1995, Defendant was named in a twenty-five count Bill of Indictment alleging multiple violations of 18 U.S.C. §1951 (interference with commerce by threats or violence) and 18 U.S.C. §§924 and 922 (firearms). Defendant, then represented by Rodney Toth, pled guilty to fifteen of the charges on July 12, 1995. On November 29, 1995, Attorney George Laughrun, II, made an appearance on behalf of the Defendant. On March 11, 1996, Defendant was sentenced to 120 months imprisonment and a term of supervised release.

Almost eight years later, on February 24, 2004, the Government requested issuance of an arrest warrant based upon numerous alleged violations of the terms of Defendant's supervised release, including new state law violations of murder and robbery. An arrest warrant issued but was not executed until September 2, 2004. It appears that Defendant remained in state custody for a period of time and that the state charges that gave rise to the supervised release violation also led to

1

a subsequent federal prosecution. (*See* Section II, 3:04CR191, *Burrough II*)

On February 10, 2006, over a year and a half later, Defendant's original criminal case (3:95CR25) was administratively reassigned to U.S. District Judge Graham C. Mullen.[1] On November 29, 2006, Defendant had his initial appearance in *Burrough I*. On December 5, 2006, Tolly Kennon, III, was appointed as defense counsel in *Burrough I*.

On April 20, 2007, this case( *Burrough I)* was reassigned to the undersigned.

The Government's motion for revocation of supervised release in Criminal Docket No.: 3:95CR25, (*Burrough I)* is still pending.

## II. Criminal Docket No.: 3:04CR191 ("*Burrough II*")

On July 24, 2004, Defendant was charged in an eight-count Bill of Indictment alleging conspiracy to possess with intent to distribute heroin, cocaine, and cocaine base in violation of 28 U.S.C. §846 and possession, carrying, or use of a firearm during and in connection with a drug trafficking crime in violation of 18 U.S.C. §§924(c)(1) and (i)(1) resulting in the death (murder under 18 U.S.C. §1111) of unindicted co-conspirator Jamie Covington. U.S. District Judge Graham C. Mullen was assigned the case.

On August 31, 2004, the Court appointed Robert Trobich and Mark Foster as defense counsel. On January 6, 2005, defense counsel filed an *ex parte* motion for psychiatric exam. An addendum to the motion was filed the following day. On February 15, 2005, Judge Mullen granted the motion for evaluation. On April 19,2005 a status of counsel hearing was held before the magistrate judge. The magistrate judge denied Defendant's oral motion for new counsel. However,

---

[1] *Burroughs I* was apparently reassigned to Judge Mullen because at that time, Judge Mullen was presiding over the 2004 case or *Burroughs II*.

on April 26, 2005, Mr. Trobich filed a motion to withdraw. An order granting Mr. Trobich's request was filed the same day. Mr. Foster was likewise terminated on April 26, 2005.

On May 10, 2005, Attorneys Joe Vonkallist and Deke Falls were appointed as defense counsel. On November 15, 2005, counsel filed an *ex parte* motion for additional funding for expert services. On November 29, 2005, the Court granted the motion. On December 20, 2005, two CJA 31 Vouchers were filed, both payable to **Dr. Keith Caruso totaling $8,906.36**. (Documents #117, #118)

On January 10, 2006, the Government submitted its own a motion for psychiatric exam. On January 26, 2006, Magistrate Judge Keesler issued an order delaying ruling on the Government's motion based upon the parties' joint request due to ongoing evaluation. The magistrate judge cautioned the parties that the case was set for trial on March 6, 2006. On February 27, 2006, the Defendant requested new counsel. Another status of counsel hearing was held on March 6, 2006, and the Court denied Defendant's motion. On March 15, 2006, the trial was continued upon defense motion. On April 4, 2006, a motion to withdraw was filed by Mr. Falls and Mr. VonKallist. A status of counsel hearing was held on April 7, 2006, before the magistrate judge, the motion to withdraw was denied.

On June 30, 2006, the case was reassigned to U.S. District Judge Frank Whitney. The Defendant entered into an 11(c)(1)(C) plea agreement and Defendant's plea was accepted by the magistrate judge on July 14, 2006. On October 27, 2006, a CJA 31 Voucher was filed authorizing the payment of **$18,562.50 to Dr James Hilkey**, for expert services ordered at the behest of Defendant. (Document #167)

On January 30, 2007, Defendant requested another status of counsel hearing.

On February 21, 2007, *Burroughs II* was reassigned to the undersigned district judge.

Mr. Kennon filed a notice of appearance in *Burrough II* on February 28, 2007. On April 2, 2007, Mr. Falls and Mr. VonKallist were permitted to withdraw from *Burrough II*.

### III. Recent Activity Relative To *Burrough I and II*

On January 26, 2007, in *Burroughs I*, Mr Kennon filed a motion to amend an earlier filing requesting psychiatric evaluation. The defense motion was granted by Judge Mullen on January 29, 2007.

After reassignment of both cases to the undersigned, contemporaneous hearings (sentencing in 3:04CR191; final revocation hearing in 3:95CR25) were scheduled for May 7, 2007. However, during the hearings, a question arose regarding whether Defendant's capacity could have been diminished at the time of the offenses. As a result, the hearings were continued.

The Court scheduled a status conference for April 30, 2007, to determine and / or address the Defendant's psychiatric condition. Little was accomplished on this date as Mr. Kennon advised the Court that he had been unable to reach Dr. Hilkey and was unaware altogether of Dr. Caruso and any efforts he had made with respect to determining competency. Although the Court has already paid a sum **exceeding $25,000.00 for expert services (i.e., psychiatric evaluation of Defendant)**, there is not enough information available to the Court to determine the Defendant's mental capacity at the relevant times.

Following the April 30, 2007 hearing, Mr. Kennon provided the Court with a 3-page document prepared by Dr. Caruso that is purportedly a partial or incomplete report. To date, neither Mr. Kennon nor the Court has been provided any written report prepared by Dr. Hilkey.

For these reasons, another hearing with all previous and current defense counsel is required.

The Court's objective in requiring some of the previous key defense attorneys to appear is to ensure 1) that the statutory criteria for mental evaluation have been adhered to; 2) that Mr. Kennon has all information available to him necessary to adequately advocate for the Defendant; and 3) that the Court not expend any more of its resources than absolutely necessary on the question of Defendant's mental capacity and competency to proceed.

**IT IS, THEREFORE, ORDERED THAT:**

1. These matters are hereby scheduled for a hearing with all past and present attorneys, excluding Mr. Laughrun and Mr. Toth, so that the court will be put in a position to evaluate the scope and nature of past inquiries into mental capacity, the hearing to be held on **June 11, 2007 at 10:00 AM in Courtroom #1, in the Charlotte Division;**

2. That any pertinent information which the parties possess that could help the Court determine the Defendant's mental capacity shall be shared with current defense counsel Tolly Kennon, III prior to the hearing; and

3. A copy of this Order shall be sent to the Defendant, Defense Counsel, the United States Attorneys Office, the United States Marshal's Service, and the United States Probation Department.

Signed: June 6, 2007

Richard L. Voorhees
United States District Judge